Burns & Harris, Esqs.
233 Broadway, Suite 900
New York, NY 10279
Tel: 212 393-1000
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
CLAUDIO NUNEZ,

                Plaintiff,

-against-                                        COMPLAINT FOR
                                                          DAMAGES
P.O. VINCENT ESPOSITO (Shield No. 5930),        (42 U.S.C. §1983)
DET. ROBERT HAWKINS (Shield No. 2303),
DET. EDWIN ESTRADA (Shield No. 2015), and
DET. ROBERT ANDERSON (Shield No. 5960),

                Defendants.
-----------------------------------------------------------------------X

      Plaintiff, by his attorneys, BURNS & HARRIS, as and for Verified Complaint herein, respectfully sets forth and alleges:

### AS AND FOR A FIRST CAUSE OF ACTION:

    1.    That this action arises under the United States Constitution, particularly under provisions of the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. Section 1983, 1985, 1986 and 1988), the Civil Rights Act, and arising under the law and statutes of the State of New York.

    2.  Each and all of the acts of the defendants herein were done by the defendants, their servants, agents and/or employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and the City of New York, and under the authority of their office as police officers of said City and State.

-1-

3. That at all times hereinafter mentioned, the defendant P.O. VINCENT ESPOSITO (Shield No. 5930) was a police officer, servant, agent, employee and/or representative of the defendant THE CITY OF NEW YORK.

4. That at all times hereinafter mentioned, the defendant DET. ROBERT HAWKINS (Shield No. 2303), was a police officer, servant, agent, employee and/or representative of the defendant THE CITY OF NEW YORK.

5. That at all times hereinafter mentioned, the defendant DET. EDWIN ESTRADA, was a police officer, servant, agent, employee and/or representative of the defendant THE CITY OF NEW YORK.

6. That at all times hereinafter mentioned, the defendant DET. ROBERT ANDERSON, was a police officer, servant, agent, employee and/or representative of the defendant THE CITY OF NEW YORK.

7. That at all times hereinafter mentioned, the defendant P.O. VINCENT ESPOSITO had the duty to ensure that his actions, activities and behavior conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

8. That at all times hereinafter mentioned, the defendant DET. HAWKINS had the duty to ensure that his actions, activities and behavior conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

9. That at all times hereinafter mentioned, the defendant DET. ESTRADA had the duty to ensure that his actions, activities and behavior conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

10. That at all times hereinafter mentioned, the defendant DET. ROBERT ANDERSON had the duty to ensure that his actions, activities and behavior conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

11. That at all times hereinafter mentioned, the defendant P.O. VINCENT ESPOSITO had the duty to conduct himself in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

12. That at all times hereinafter mentioned, the defendant DET. HAWKINS had the duty to conduct himself in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

13. That at all times hereinafter mentioned, the defendant DET. ESTRADA had the duty to conduct himself in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

14. That at all times hereinafter mentioned, the defendant DET. ROBERT ANDERSON had the duty to conduct himself in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

15. That on the 22nd day of January, 2011, the plaintiff CLAUDIO NUNEZ, was present upon the premises located at 40th Avenue and 13th Street, in the County of Queens, City and State of New York.

16. That on the 22nd day of January, 2011, a certain police officer and/or officers of the police department of the defendants were present upon said premises located at 40th Avenue and 13th Street, in the County of Queens, City and State of New York.

17. That on the 22nd day of January, 2011, said police officer known as P.O. MICHAEL KORABEL of the police department of the defendant THE CITY OF NEW YORK was present upon said premises located at 40th Avenue and 13th Street, in the County of Queens, City and State of New York.

18. That on the 22nd day of January, 2011, said police officer known as P.O. MICHAEL KORABEL, of the police department of the defendant THE CITY OF NEW YORK was present upon said premises located at 40th Avenue and 13th Street, in the County of Queens, City and State of New York, in the course and scope of his employment as a police officer.

19. That on the 22nd day of January, 2011, the defendants P.O. VINCENT ESPOSITO, DET. HAWKINS, DET. ESTRADA, and DET. STEPHEN ANDERSON, of the police department of the defendants were present upon said premises located at 40th Avenue and 13th Street, in the County of Queens, City and State of New York.

20. That on the 22nd day of January, 2011, the defendants P.O. VINCENT ESPOSITO, DET. HAWKINS, DET. ESTRADA, and DET. STEPHEN ANDERSON, of the police department of the defendants were present upon said premises located at 40th Avenue and 13th Street, in the County of Queens, City and State of New York, in the course and scope of their employment as police officers.

21. That on the 22nd day of January, 2011, the plaintiff CLAUDIO NUNEZ, was falsely arrested, assaulted and battered by said police officers while he was present upon and/or in front of said premises located at 40th Avenue and 13th Street, in the County of Queens, City and State of New York.

22. That on the 22nd day of January, 2011, the plaintiff CLADIO NUNEZ, was wantonly, intentionally, repeatedly, maliciously, relentlessly, illegally and brutally assaulted, attacked, punched in the face, head and body, struck, beaten and battered by said police officers while he was present upon said premises located at 40th Avenue and 13th Street, in the County of Queens, City and State of New York.

23. That on the 22nd day of January, 2011, the plaintiff CLAUDIO NUNEZ, was wantonly, intentionally, repeatedly, maliciously, relentlessly, illegally and brutally assaulted, attacked, punched in the face, head and body, struck, beaten and battered by said police officers while he was present upon said premises located at 40th Avenue and 13th Street, in the County of Queens, City and State of New York, without any cause or provocation on the part of the plaintiff contributing thereto.

24. That by reason of the foregoing, the plaintiff CLAUDIO NUNEZ, was injured.

25. That the foregoing occurrences and the resulting injuries to the plaintiff were caused solely by reason of the carelessness, negligence, intentional infliction of physical and emotional distress, abuse of process, excessive use of brutal force, and wrongful assault and battery on the part of the defendants, their servants, agents, police officers and/or employees, in violation of the plaintiff's Civil and Constitutional rights, and without any cause, provocation or negligence on the part of the plaintiff contributing thereto.

26. That by reason of the foregoing, this plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical

expenses in an effort to be cured of said injuries; and plaintiff has suffered and in the future will necessarily suffer additional loss of time and earnings from employment; and plaintiff will be unable to pursue his usual duties with the same degree of efficiency as prior to this occurrence, all to his great damage.

27. That this action falls within one or more of the exceptions set forth in CPLR 1602.

28. Pursuant to CPLR Section 1602(2)(iv), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that defendants owed the plaintiff a non-delegable duty of care.

29. Pursuant to CPLR Section 1602(7), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that defendants acted with reckless disregard of the safety of others.

30. Pursuant to CPLR Section 1602(2)(iv), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that defendants are vicariously liable for the negligent acts and omissions of others who caused or contributed to the plaintiff's damages.

31. Pursuant to CPLR Section 1602(5) defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that defendants' wrongful conduct was intentional.

32. Pursuant to CPLR Section 1602(11), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendants acted knowingly or intentionally, and in concert, to cause the acts or failures which are a proximate cause of plaintiff's injuries.

33. That by reason of the foregoing, plaintiff CLAUDIO NUNEZ has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

## AS AND FOR A SECOND CAUSE OF ACTION:

34. That plaintiff repeats, reiterates and re-alleges each and every allegation as contained in the First Cause of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

35. That on the 22nd day of January, 2011, the plaintiff was arrested and falsely imprisoned by said police officer and/or officers without probable or just cause, provocation or warrant in violation of 42 U.S.C. 1983.

36. That on the 22nd day of January, 2011, the plaintiff was illegally, falsely and wrongfully arrested by said police officer and/or officers without probable or just cause, provocation or warrant.

37. That on the 22nd day of January, 2011, the plaintiff was illegally, falsely and wrongfully arrested by said police officer and/or officers without probable or just cause, provocation or warrant, based on false information provided by P.O. VINCENT ESPOSITO.

38. That on the 22nd day of January, 2011, the plaintiff was illegally, falsely and wrongfully arrested by said police officer and/or officers without probable or just cause, provocation or warrant, based on false information provided by DET. HAWKINS.

39. That on the 22nd day of January, 2011, the plaintiff was illegally, falsely and wrongfully arrested by said police officer and/or officers without probable or just cause, provocation or warrant, based on false information provided by DET. ESTRADA.

40. That on the 22nd day of January, 2011, the plaintiff was illegally, falsely and wrongfully arrested by said police officer and/or officers without probable or just cause, provocation or warrant, based on false information provided by DET. ANDERSON.

41. That on the 22nd day of January, 2011, the plaintiff was illegally, falsely and wrongfully arrested by said police officer and/or officers, without probable or just cause or provocation, falsely accused of crimes of which he was wholly innocent, and detained for an unreasonable period of time thereafter until he was released.

42. That the said police officer and/or officers were employees of THE CITY OF NEW YORK, and were acting within the scope of their employment for the said defendants.

43. That on the 22ND day of January, 2011, the defendants, acting within the scope of their employment by the CITY OF NEW YORK did falsely arrest the plaintiff and detain him without warrant, just cause or provocation.

44. That the said police officer and/or officers were employees of THE CITY OF NEW YORK and were acting within the scope of their employment.

45. That by reason of the foregoing, the plaintiff was caused to suffer severe and serious injuries and damages both physically and mentally, suffered grievous harm, fear, dread, humiliation, embarrassment, defamation of character, damage to his good name, credit, character and reputation, and plaintiff was subjected to extreme public humiliation, scorn, contempt, derision and ridicule.

46. That by reason of the foregoing, the plaintiff CLAUDIO NUNEZ, was injured.

47. That the foregoing occurrences and the resulting injuries to the plaintiff were caused solely by reason of the carelessness, negligence, intentional infliction of emotional distress, and abuse of process on the part of the defendants, their servants, agents, police officers and/or employees, in violation of the plaintiff's Civil and Constitutional rights, and without any cause, provocation or negligence on the part of the plaintiff contributing thereto.

48. That by reason of the foregoing, this plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff has suffered and in the future will necessarily suffer additional loss of time and earnings from employment; and plaintiff will be unable to pursue his usual duties with the same degree of efficiency as prior to this occurrence, all to his great damage.

49. That by reason of the foregoing, plaintiff CLAUDIO NUNEZ has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

## AS AND FOR A THIRD CAUSE OF ACTION:

50. That plaintiff repeats, reiterates and re-alleges each and every allegation as contained in the First and Second Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

51. That on the 22nd day of January, 2011, and for a period of time thereafter, the plaintiff CLAUDIO NUNEZ was falsely, illegally and wrongfully arrested, detained, searched, frisked, fingerprinted, photographed, transported and processed as a common criminal, slandered, defamed, imprisoned and incarcerated at the 114th police precinct, deprived of urgently required medical treatment and deprived of his rights, liberty and freedom for an unreasonable period of time until he was discharged.

52. That on the 22nd day of January, 2011, and for a period of time thereafter, the defendants did falsely, wrongfully, illegally, intentionally and maliciously arrest, detain, search, frisk, fingerprint, photograph, process as a common criminal, transport, slander, defame, imprison and incarcerate the plaintiff, depriving him of his rights and liberty for an unreasonable period of time, all without any just cause, warrant or provocation.

53. That by reason of the foregoing, the plaintiff was caused to sustain severe and serious injuries and damages, both mentally and physically, severe nervous shock, emotional distress and illness, was placed in a position of fear for his life and well-being, was subjected to extreme embarrassment, humiliation, scorn and ridicule, defamation of character, and was severely injured and damaged.

54. That by reason of the foregoing, the plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION:

55. That plaintiff repeats, reiterates and re-alleges each and every allegation as contained in the First, Second and Third Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

56. That at all times herein mentioned, the defendants, their servants, agents, employees, police officers and/or representatives intentionally, wantonly, maliciously and falsely prosecuted the plaintiff for the criminal charges of which they accused the plaintiff.

57. That at all times herein mentioned, the defendants, their servants, agents, employees, police officers and/or representatives intentionally, wantonly and maliciously prosecuted the plaintiff, as a common criminal, causing and/or compelling him to appear in public and in Court and falsely prosecuted the plaintiff.

58. That the said criminal charges against the plaintiff were dismissed.

59. That by reason of the foregoing, the plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION:

60. That plaintiff repeats, reiterates and re-alleges each and every allegation as contained in the First, Second, Third and Fourth Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

61. That at all times herein mentioned, the defendants negligently failed to provide for the safety, security, protection and well-being of the plaintiff.

62. That at all times herein mentioned, the defendants carelessly, negligently and/or intentionally failed, neglected and refused to prevent the within incidents of abuse of process and intentional infliction of extraordinary emotional harm by police officers and/or personnel who were acting within the course and scope of their employment for the said defendants herein.

63. That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION:

64. That plaintiff repeats, reiterates and re-alleges each and every allegation as contained in the First, Second, Third, Fourth and Fifth Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

65. That this action arises under the United States Constitution, particularly under provisions of the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. Section 1983, 1985, 1986 and 1988), the Civil Rights Act, and arising under the law and statutes of the State of New York.

## AS AND FOR A SEVENTH CAUSE OF ACTION:

66. That plaintiff repeats, reiterates and re-alleges each and every allegation as contained in the First, Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

67. That by reason of all of the foregoing, the defendants acted maliciously and were guilty of wanton and willful disregard of the rights, well-being and safety of the plaintiff herein, and by reason thereof, the plaintiff demands exemplary and punitive damages in an amount to be determined upon the trial of this action.

WHEREFORE, plaintiff demands judgment against the defendants, the amount sought on each Cause of Action exceeding the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction, in amounts to be determined upon the trial of this action, together with the costs and disbursements of this action, including punitive damages and attorneys' fees under 42 U.S.C. §1988 and with interest from the date of this occurrence.

Dated: New York, New York
January 20, 2014

Yours, etc.,

BURNS & HARRIS
Attorneys for Plaintiff

CHRISTOPHER J. DONADIO, ESQ.
233 Broadway, Suite 900
New York, New York 10279
(212) 393-1000